**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOSH HAYNES
ADC #139661                                                                                                    PLAINTIFF

V.                                          3:07CV00150 SWW/JTR

ROBERT WHITE, Jailer,
Poinsett County Detention Center, et al.                                                           DEFENDANTS

**ORDER**

Plaintiff Josh Haynes, who is currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction, has filed a *pro se*[1] § 1983 Complaint alleging that his constitutional rights were violated while he was being held at the Poinsett County Detention Center. *See* docket entry #1. For the reasons set forth herein, the Court will give Plaintiff thirty days to: (1) either pay the

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."
  Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
  Dismissal pursuant to Local Rule 5.5(c)(2) or Fed. R. Civ. P. 41(b) (providing that a court may *sua sponte* dismiss a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court") may be treated as a dismissal for filing a frivolous action, and thus a "strike," within the meaning of 28 U.S.C. § 1915(g). In contrast, a dismissal pursuant to a motion for voluntary dismissal <u>will not</u> be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

$350 filing fee in full, or file an Application to Proceed *In Forma Pauperis* along with a prisoner calculation sheet; and (2) file an Amended Complaint.

## I. Filing Fee

The filing fee for commencing a § 1983 action in federal court is $350. However, Plaintiff has neither paid the filing fee nor filed an Application to Proceed *In Forma Pauperis*. If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the $350 filing fee in full;[2] or (2) file a properly completed Application to Proceed *In Forma Pauperis,*[3] along with a properly completed prisoner calculation sheet.[4]

## II. Amended Complaint

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

---

[2] Any such payment should clearly indicate that it is for payment of the filing fee in *"Haynes v. White, et al.,* 3:07CV00150 SWW."

[3] The Prison Litigation Reform Act provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[4] The prisoner calculation sheet must be prepared and executed by an authorized official at the incarcerating facility. The prisoner calculation sheet will reflect the deposits and monthly balances of the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee, if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full. *Id.* § 1915(b)(1) and (2).

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

As it now stands, portions of Plaintiff's complaint are too vague to enable the Court to determine whether it is frivolous or fails to state a claim for relief under § 1915A. Accordingly, Plaintiff is directed to file, within thirty days of the entry of this Order, an Amended Complaint that specifies: (1) whether he is suing Defendants in their official capacities and/or their individual capacities;[5] (2) what type of relief he is requesting; (3) how each of the three Defendants (Jailer Robert White, Captain Andy Allison, and John Doe -- the unknown mental health counselor) *personally participated in* the deprivation of his constitutional rights; and (4) whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged constitutional violation.

### III. Habeas Forms

Plaintiff attached to his Complaint a letter asking the Clerk to send him the appropriate forms for instigating a challenge to the validity of his state court conviction. *See* docket entry #1 at 6-7. Such a claim must be brought in a federal habeas action, and not a § 1983 action. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Accordingly, the Court will direct the Clerk to

---

[5]The doctrine of sovereign immunity, which is based upon the Eleventh Amendment, prohibits a plaintiff from obtaining monetary damages from a state actor named in his or her official capacity. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. State of Arkansas*, 127 F.3d 750, 754-55 (8th. Cir. 1997). However, sovereign immunity does <u>not</u> bar a plaintiff from obtaining: (1) <u>monetary</u> damages against a state actor named in his or her <u>individual</u> capacity; or (2) <u>injunctive</u> relief against a state actor in his or her <u>official</u> capacity. *Id.*

send Plaintiff the necessary habeas forms.[6]

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,* along with a prisoner calculation sheet.

2. The Clerk is directed to send Plaintiff the forms necessary for commencing a habeas action.

3. Plaintiff shall, **within thirty days of the entry of this Order**, either: (1) pay the $350 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prisoner calculation sheet.

4. Plaintiff shall, **within thirty days of the entry of this Order**, file an Amended Complaint containing the information requested herein.

5. Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure to timely and properly comply with any portion of this Order could result in the dismissal of this case, without prejudice.

Dated this 16th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] The filing fee for commencing a habeas action is $5. If Plaintiff files a habeas Complaint, he must either: (a) pay the $5 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis*, along with a prison trust fund calculation sheet.